UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16-cv-139-RLV
(5:98-cr-246-RLV-2)

| | |
|---|---|
| STEVEN DONEWAN CARR, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____) | **ORDER** |

**THIS MATTER** is before the Court upon Petitioner Steven Donewan Carr's pro se Motion to Vacate, Set Aside or Correct Sentence, 28 U.S.C. § 2255 (Doc. No. 1) and Motion for appointment of counsel (Doc. No. 2). Also before the Court is the Government's Motion to Dismiss the Motion to Vacate. (Doc. No. 4.)

**I. BACKGROUND**

Carr was indicted by a federal grand jury on charges of conspiracy to possess with intent to distribute and distribution of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 846 (Count One); two counts of possession with intent to distribute a controlled substance and aiding and abetting the same in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1) (Counts Four and Five); and possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) (Count Six). Superseding Indict., Doc No. 23.[1] A jury returned verdicts of guilty on all charges after a trial that ended July 20, 1999. Jury Verdict, Doc. No. 43. (Superseding Indictment).

In Carr's presentence report ("PSR"), the probation officer calculated a base offense level of 38 under United States Sentencing Guideline ("U.S.S.G.") § 2D1.1 (1998) because his offense

---
[1] Unless otherwise indicated, all document and docket references not in parentheses are from the underlying criminal action, United States v. Carr, 5:98-cr-246-RLV-2 (W.D.N.C.).

1

involved over 1.5 kilograms of crack cocaine. PSR ¶ 26, Doc. No. 84. Although noting that Carr was a career offender under U.S.S.G. § 4B1.1, based on his prior North Carolina convictions for breaking and entering and assault on a government official, the probation officer found that applying this enhancement would result in a lower offense level (37), so the higher offense level based on the quantity of drugs involved in the offense applied. PSR ¶ 34. Carr had a total of 41 criminal history points, thus his criminal history category was VI, even without application of the career offender enhancement. See PSR ¶ 65. Carr's guidelines range was 360 months to life imprisonment. PSR ¶ 117. The Court sentenced him to a total of 360 months of imprisonment. Judgment, Doc. No. 50.

Carr appealed, and the Fourth Circuit affirmed his convictions, but vacated his sentence in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). United States v. Carr, 232 F.3d 890 (4th Cir. 2000) (unpublished). This Court resentenced Carr, again finding that his sentence should be based on his involvement with over 1.5 kilograms of crack cocaine. Am. Judgment, Doc. No. 76; see Order Den. Mot. to Vacate 9-10, Carr v. United States, No. 5:03CV30, 2007 WL 1521106 (W.D.N.C. filed April 5, 2007) (Doc. No. 19). The Court sentenced Carr to 240 months of imprisonment for conspiracy; to two 60-months terms to be served concurrently to each other but consecutively to the other terms of imprisonment for his aiding and abetting convictions; and to an additional 60-month term for possession with intent to distribute crack cocaine, to be served consecutively, for a total sentence of 360 months of imprisonment. See Order Den. Mot. to Vacate, id.

Carr again appealed, arguing that the Court should not have sentenced him based on his offense involving more than 1.5 kilograms of crack cocaine. See United States v. Carr, 34 F. App'x 921 (4th Cir. 2002) (unpublished). The Fourth Circuit affirmed his sentence, including this Court's determination that Carr was responsible for over 1.5 kilograms of crack cocaine and that his base

2

offense level was 38.  Id.

In 2003, Carr filed his first Motion to Vacate pursuant to § 2255, arguing, in part, that he was actually innocent of being a career offender.  Mot. to Vacate, Doc No. 81.  This Court found that his challenge to the predicate offenses used to designate him as a career offender was "likely procedurally defaulted" since he had not objected to this designation at sentencing, that he had at least two qualifying prior convictions, and that Carr's designation as a career offender was "irrelevant" because he was sentenced based on the offense level for his involvement with 1.5 kilograms of crack cocaine, which the Fourth Circuit held was proper.  Order Den. Mot. to Vacate, Doc. No. 83.  The Fourth Circuit denied a certificate of appealability and dismissed Carr's appeal.  United States v. Carr, 251 F. App'x 217 (4th Cir. 2007) (unpublished).

In 2011, this Court reduced Carr's sentence to a total of 324 months of imprisonment based on Amendment 706 to the Sentencing Guidelines.  Doc. No. 141.  In 2012, Carr filed another § 2255 motion, based on DePierre v. United States, 131 S. Ct. 2225 (2011) (addressing the meaning of "cocaine base").  Doc. No. 158.  The Court dismissed this motion for failure to obtain authorization to file a successive § 2255 motion, as well as failure to show that the motion relied on a Supreme Court decision that was made retroactive on collateral review by the Supreme Court.  Order Den. Mot. to Vacate, Doc. No. 161.  The Fourth Circuit denied a certificate of appealability and dismissed Carr's appeal from this decision.  United States v. Carr, 482 F. App'x 862 (4th Cir. 2012).

Also in 2012, this Court reduced Carr's sentence to a total of 262 months of imprisonment pursuant to Amendment 750 to the Sentencing Guidelines.  Doc. No. 164.  In 2015, the Court further reduced Carr's sentence pursuant to Amendment 782 to the Sentencing Guidelines to 210 months of imprisonment.  Doc. No. 209.

Carr filed an application for authorization to file a successive § 2255 motion with the Fourth

Circuit on or about June 22, 2015, see Houston v. Lack, 487 U.S. 266, 276 (1988). (Pet. 4, Doc. No. 1.)² In it, Carr argued he was entitled to relief from judgment based on the Supreme Court's holding in Johnson v. United States, 135 S. Ct. 2551 (2015). On July 14, 2016, the Fourth Circuit granted authorization for Carr to file a successive § 2255 motion based on Johnson. (Doc. No. 1-2.) Carr's motion for authorization to the Fourth Circuit was filed as his motion to vacate in the present action, and the filing date was deemed to be the same as that of his motion for authorization. (Doc. No. 1); see Fourth Cir. Local Rule of App. Proc. 22(d). Carr also filed a motion requesting the appointment of counsel. (Doc. No. 2.)

The Government filed a Motion to Dismiss, arguing that Carr's § 2255 Motion is an unauthorized, successive Motion and/or procedurally barred. The Government also contends that Carr's Motion is frivolous. (Doc. No. 4.)

On January 3, 2017, the Court entered an Order in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), notifying Carr of his right to respond to the Government's Motion to Dismiss and providing him 21 days from receipt of the Court's Order to do so. (Doc. No. 5.) The Court also notified Carr that failure to reply could result in dismissal of his § 2255 Motion to Vacate without further notice. As of the filing of this Order, Carr has not responded to the Government's Motion, and the Court finds that he has had ample time to do so.

**II. STANDARD OF REVIEW**

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments

---

² Unless otherwise indicated, all document and docket references contained in parentheses are from the instant civil action, Carr v. United States, 5:16-cv-139-RLV (W.D.N.C.).

presented can be resolved without an evidentiary hearing based on the record and governing case law.  See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**III. DISCUSSION**

Carr's Motion to Vacate fails to state a claim for relief under Johnson.  For the sake of judicial economy, the Court, therefore, will not also address the Government's arguments that the Motion is an unauthorized, successive § 2255 motion and/or procedurally defaulted.

In Johnson v. United States, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague.  135 S. Ct. at 2558.  The ACCA provides for a mandatory minimum sentence of 15 years in prison for a defendant convicted of being a felon in possession of a firearm, 18 U.S.C. § 922(g), if the defendant has at least three prior convictions for serious drug offenses or violent felonies.  See § 924(e)(1).  "Violent felony" is defined in the ACCA as "any crime punishable by imprisonment for a term exceeding one year" that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*."  Id. § 924(e)(2)(B) (emphasis added).

The italicized closing words of § 924(e)(2)(B) constitute the ACCA's residual clause, which the Johnson Court held is void for vagueness.  Johnson, 135 S. Ct. at 2556, 2558.  The Court left intact the remainder of the ACCA's "violent felony" definition, including the four enumerated offenses and the "force clause."  Id. at 2563.  Thus, a defendant who was sentenced under the ACCA to a mandatory minimum term based on a prior conviction that satisfies only the residual clause of the ACCA's "violent felony" definition is entitled to relief from his sentence.  The holding in Johnson is retroactive on collateral review.  See Welch v. United States, 136 S. Ct. 1257 (2016).

Carr was not convicted of being a felon in possession of a firearm, in violation of § 922(g).

5

Thus, his sentence was not enhanced under the ACCA. Carr contends, however, that the holding in Johnson extends to the United States Sentencing Guidelines. Under § 4B1.1(a),

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. 4B1.1(a). Under the version of the guidelines in place at the time Carr committed his offenses, the definition of "crime of violence" under § 4B1.2 included a residual clause with the same, or similar, scope as the residual clause of the ACCA's violent-felony definition held unconstitutionally vague in Johnson. Carr contends that his prior North Carolina convictions for breaking and entering and assault on a government official no longer qualify as "crimes of violence" for purposes of § 4B1.1(a), because they satisfy the definition only under the residual clause. Carr argues that, in light of Johnson, his Guidelines range of imprisonment is incorrect.

Carr's argument fails for the simple reason that his Guidelines range of punishment was determined based upon the quantity of drugs he possessed, not upon his status as a career offender under § 4B1.1. PSR ¶¶ 26, 34, Doc. No. 84; Am. Judgment, Doc. No. 76; Carr, 34 F. App'x 921; Order Den. Mot. to Vacate 9-10, No. 5:03-cv-30 (W.D.N.C. filed April 5, 2007). As noted previously, see discussion, supra, at 1-2, Carr's base offense level under U.S.S.G. § 2D1.1, which calculates the base offense level from the quantity of drugs for which the defendant is responsible, was 38. PSR ¶ 26. His base offense level under § 4B1.1 was 37. PSR ¶ 34. Because Carr's base offense level under § 2D1.1 was higher, that was the provision the probation office, and the Court, used to determine Carr's sentencing guideline range. PSR ¶ 34. U.S.S.G. § 2D1.1 does not have a residual clause to which Johnson might apply. Accordingly, even if Carr's prior North Carolina convictions only qualify as "crimes of violence" under § 4B1.2's pre-existing residual clause, and Johnson's holding applies to sentences imposed under the Guidelines when they were mandatory,

6

Carr cannot obtain relief.

## VI: CONCLUSION

Petitioner is not entitled to relief under Johnson. Consequently, the Government's Motion to Dismiss shall be granted. Carr's Motion to Vacate shall be dismissed, and his Motion for Appointment of Counsel denied.

**IT IS, THEREFORE, ORDERED** that:

1. The Government's Motion to Dismiss (Doc. No. 4) is **GRANTED**;

2. The Motion to Vacate, Set Aside or Correct Sentence (Doc. No. 1) is **DISMISSED**;

3. The Motion to Appoint Counsel (Doc. No. 2) is **DENIED**; and

4. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: May 10, 2017

Richard L. Voorhees
United States District Judge